# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES E. BROWN, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 3:04-1090** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **DR. JAMES G. ROCHE,** | ) | |
| **Secretary of the Department** | ) | |
| **of the Air Force,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Pending before the court is the defendant's Motion to Dismiss and to Strike Plaintiff's Request for Compensatory Damages and a Jury Trial.  (Docket No. 8)  The plaintiff has responded to this motion (Docket No. 12) and the defendant has replied (Docket No. 14).  For the reasons discussed herein, the defendant's motion will be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At all times relevant to his claim, the plaintiff was employed as a civilian technician in the Tennessee Air National Guard.[1]  Specifically, he worked as a WL-10 Inspection Dock Supervisor, which required him to lead a crew of between seven and thirty employees in the inspection of aircraft.  As required by the terms of his civilian employment in the National

---

[1] Unless otherwise stated, the facts have been drawn from the plaintiff's Complaint (Docket No. 1) and from his Response to the defendant's Motion to Dismiss and to Strike Plaintiff's Request for Compensatory Damages and a Jury Trial (Docket No. 12).

1

Guard, the plaintiff also held a corresponding National Guard military position. (*See* Docket No. 12, Ex. C at 18:4-8); *see also* 32 U.S.C. § 709 (2000) (listing requirements for employment as a military technician). The terms of the plaintiff's "dual-status" employment dictated that, while performing his duties, he had to "wear the uniform appropriate for [his] grade and component of the armed forces." § 709(b)(4); (*see also* Docket No. 9 at 3).

On January 1, 1999, the plaintiff, who was then fifty-six years old, requested a lateral transfer from his Inspection Dock Supervisor position to a vacant GS-09 Quality Assurance Specialist position. (Docket No. 12, Ex. A at 4) The selecting official denied his transfer request. The plaintiff then submitted an application for the position as part of the general applicant pool. In total, ten men applied for the position and met its minimum qualifications. The selecting official ultimately hired Clay Crabtree, an applicant who, at age thirty-seven, was one of only two applicants under the age of forty.

These events led the plaintiff to file a discrimination complaint with the Equal Opportunity Employment Commission. An administrative judge held a full hearing and, on July 1, 2004, issued a decision finding that the defendant had discriminated against the plaintiff on the basis of his age. The National Guard Bureau of Tennessee reversed this decision on September 28, 2004.

On December 8, 2004, the plaintiff filed a Complaint in this court alleging that the defendant had discriminated against him in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a (2000) (hereinafter "ADEA"). On February 28, 2005, the defendant moved to dismiss the plaintiff's Complaint and to strike his request for compensatory damages and a jury trial. (Docket No. 8)

## ANALYSIS

2

1.      **Motion to Dismiss Standard**

The defendant in this case has moved for dismissal based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This court is bound to consider the 12(b)(1) motion first, as the 12(b)(6) challenge becomes moot if subject matter jurisdiction is lacking. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946) (finding that a motion to dismiss for failure to state a cause of action may be decided only after the establishment of subject matter jurisdiction because determination of the validity of the claim is itself an exercise of jurisdiction)).

On a motion to dismiss pursuant to Rule 12(b)(1), the party claiming subject matter jurisdiction bears the burden of establishing it by a preponderance of the evidence. *Moir*, 895 F.2d at 269; *Farmer v. Tenn. Air Nat'l Guard*, No. 2574-D/P, 2005 WL 2177004, slip op. at *2 (W.D. Tenn. Sept. 2, 2005). When the facts presented to the district court give rise to a factual controversy over the existence of subject matter jurisdiction, the court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In resolving this controversy, the court has "wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* With these guidelines in mind, the court turns to an examination of the jurisdictional issues at hand.

2.      **Subject Matter Jurisdiction**

The plaintiff in this case attempts to meet his burden of establishing this court's subject

3

matter jurisdiction by noting that, "while the government was able to convince the Sixth Circuit" that federal courts do not have jurisdiction over claims such as the one he hopes to assert here, "the vast majority of the country holds otherwise." (Docket No. 12 at 5) Even if the "vast majority" of the other circuits were of this mind, which the plaintiff has not demonstrated to be the case here, the simple fact that the Sixth Circuit has determined otherwise necessarily determines this court's decision.

Indeed, the Sixth Circuit has indicated a strong reluctance to hear claims asserted by members of the military. In *Major v. United States*, it noted that "review of . . . Supreme Court precedents makes it clear that, in recent years, the Court has embarked on a course dedicated to broadening the *Feres* doctrine to encompass, at a minimum, *all* injuries suffered by military personnel that are even remotely related to the individual's *status* as a member of the military . . . ." 835 F.2d 641, 644 (6th Cir. 1987) (emphasis in original); *see Feres v. United States*, 340 U.S. 135, 146 (1950) (holding that the government "is not liable under the Federal Torts Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service"); *see also Stone v. Groves*, No. 3:01CV-419-H, 2001 WL 1772119, at *4 (W.D. Ky. Dec. 21, 2001) (unpublished) (noting that "a long line of Supreme Court and Sixth Circuit precedent articulates the doctrine" that certain claims by members of the military "are nonjusticiable in federal district court").

Since its decision in *Major*, the Sixth Circuit has repeatedly determined that federal courts lack jurisdiction to enforce various employment discrimination statutes when such statutes serve as the basis of a claim asserted by a member of the military. *See, e.g.*, *Fisher v. Peters*, 249 F.3d 433, 443-44 (6th Cir. 2001) (lacking jurisdiction to hear a Title VII claim); *Leistiko v. Stone*, 134 F.3d 817, 820-21 (6th Cir. 1998) (lacking jurisdiction to hear a claim under the

4

Rehabilitation Act); *Bradley v. Stump*, No. 97-1472, 1998 WL 385903, at *3 (6th Cir. July 1, 1998) (unpublished) (lacking jurisdiction to hear a § 1983 claim, among others).

Notably, these decisions all involved claims brought by a plaintiff who, like the plaintiff in this case, served as a National Guard technician. Each of the plaintiffs in these cases attempted to argue, as does the plaintiff here, that as a military technician, rather than a full-time member of the armed forces, she or he was entitled to bring her claim in the federal courts. In each case, however, the Sixth Circuit held that such access was not available to military technicians because, despite the civilian components of the job description,[2] such positions were "irreducibly military" in nature. *Fisher*, 249 F.3d at 439; *Leistiko*, 922 F.3d at 820-21; *Bradley*, 1998 WL 385903, at *3. As such, the technicians were precluded from bringing their suits in civilian courts. *Fisher*, 249 F.3d at 443-44 (directing the plaintiff to military channels); *Leistiko*, 922 F.3d at 820-21; *Bradley*, 1998 WL 385903, at *3.

Although neither of the parties in this case raises this point, it is worth noting that the Sixth Circuit has never specifically addressed the efforts of a military technician to bring an ADEA claim such as the one the plaintiff asserts here. That court's rejection of previous technicians' claims under other employment discrimination statutes, however, compels this court to make a similar decision here. For the reasons that follow, we find particularly persuasive the Sixth Circuit's rejection of the plaintiff's Title VII claims in *Fisher*. *See Fisher*, 249 F.3d at 443.

Title VII and the ADEA contain nearly identical language governing employment

---

[2]The military technician position involves service both as a federal civilian employee and as a member of the National Guard. *See* 10 U.S.C. § 10216(a) (2000) ("a military technician . . . is a [f]ederal civilian employee who . . . is assigned to a civilian position as a technician . . ."); 32 U.S.C. § 709(a)-(b)(4) (2000) ("a person employed under [this] subsection must . . . [b]e a member of the National Guard . . . [and] wear the uniform appropriate for the member's grade and component of the armed forces").

discrimination by the military. Both statutes prohibit discrimination in "all personnel actions affecting employees or applicants for employment . . . in military departments as defined in section 102 of Title 5 . . . ." 42 U.S.C. § 2000e-16(a) (2000); 29 U.S.C. § 633a(a). A number of circuit courts have found that this duplication of statutory language indicates that, like Title VII causes of action, ADEA claims cannot be raised in federal courts by members of the military reserves. *See Kawitt v. United States*, 842 F.2d 951, 953 (7th Cir. 1988) ("We agree with the Ninth Circuit that [ADEA § 633a(a)] was not meant to extend the protections of the statute to the uniformed personnel, whether active or reserve, of the armed forces."); *Helm v. California*, 722 F.2d 507, 509 (9th Cir. 1983) ("Title VII uses language identical to that in the ADEA to bar discrimination . . . . This court has applied Title VII precedent to ADEA cases . . . . The ADEA does not apply to military reservists."); *see also Quinonez-Cruz v. Diaz-Colon*, No. 97-1677, 1997 WL 704423, at *2 (1st Cir. Nov. 4, 1997) (unpublished) (providing a compendium of cases in which various courts found that the ADEA did not apply to members of the National Guard).

In addition, the Sixth Circuit has enunciated that "claims of discrimination brought pursuant to Title VII . . . and the ADEA . . . are analyzed under the same framework." *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538 (6th Cir. 2002). The fact that the Sixth Circuit has determined that military technicians may not bring their Title VII claims in federal court, *see Fisher*, 249 F.3d at 443-44, coupled with the identical language of Title VII and the ADEA, as well as other circuits' determinations that claims under both statutes were similarly inaccessible to members of the military, convince this court that military technicians may not bring ADEA claims in the federal courts within the Sixth Circuit.

Accordingly, because the plaintiff's cause of action here arises from his service as a military technician in the Air National Guard, he may not seek relief in this court. As such, this

Case 3:04-cv-01090   Document 15   Filed 09/26/05   Page 6 of 7 PageID #: 6

court need not reach any of the parties' remaining claims, but instead must dismiss the plaintiff's case for lack of jurisdiction.

## **CONCLUSION**

The plaintiff has failed to establish this court's subject matter jurisdiction over his claim of age discrimination by the Air National Guard.  Thus, the defendant's motion to dismiss plaintiff's claim will be granted.

An appropriate order will enter.


_____
ALETA A. TRAUGER
United States District Judge

Case 3:04-cv-01090   Document 15   Filed 09/26/05   Page 7 of 7 PageID #: 7